IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DALIA BARRERA<br>    PLAINTIFF, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO.:19-1341 |
|  | § | S.A. DIVISION |
| HOME DEPOT USA, INC. D/BA | § | JURY DEMAND |
| HOME DEPOT | § | |
|     DEFENDANTS. | § | |

PLAINTIFF DALIA BARRERA'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF DAILIA BARRERA (hereinafter referred to as "Plaintiff" or "Dalia") and files this her ORIGINAL COMPLAINT against DEFENDANT HOME DEPOT USA, INC. D/B/A HOME DEPOT (hereinafter referred to as "Defendant" or "Home Depot"),and would show unto the Court the following to wit:

A.
PARTIES

1. Plaintiff Dalia Barrera is an individual and a citizen of the State of Texas and domiciled in Del Rio, Val Verde County, Texas.

2. Defendant Home Depot USA, Inc. is a corporation that is incorporated under the laws of the State of Georgia and is registered to do business in the State of Texas as a foreign for profit corporation. Defendant Home Depot may be served with summons by serving its registered agent, Corporation Service Company D/B/A CSC Lawyers Incorporating Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, USA by certified mail return receipt requested or personal service.

B.
JURISDICTION

3. The Court has jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff and the Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000.00, excluding interest and costs. Plaintiff is a citizen of the State of Texas, Defendant is a citizen of the State of Georgia.

4. The Court has personal jurisdiction over the Defendant because Defendant committed a tort in the State of Texas which was a producing cause of Plaintiff's injuries, Defendant has availed itself of the Texas forum by operating a retail outlet in Del Rio, Texas (and many other Texas locations), and Defendant has registered to do business in the State of Texas as a foreign for profit corporation with the Secretary of State of Texas.

C.
VENUE

5. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b)2 because a substantial part of the events or omissions giving rise to this claim occurred in this district. Specifically stated, the facts and circumstances that give rise to this suit involve injuries suffered by the Plaintiff at the Defendant's Home Depot store in Del Rio, Val Verde County, Texas.

D.
FACTS

6. On or about Wednesday, March 28, 2018, Plaintiff entered the Home Depot located at 2454 Veterans Boulevard in Del Rio, Val Verde County, Texas to purchase some boxes to store

the belongings of her recently deceased veteran son-in-law.  Plaintiff entered the store through the Garden Entrance and proceeded to walk into the store, down the aisle containing the store's "watering system" to water its displayed greenery.  Said system consisted of an elevated hose on a wheel attached to an overhead faucet attached to a rack along the subject aisle.

7. As part of its daily operations in the gardening center, apparently to keep the for sale greenery watered and vibrant, employees/agents of the Defendant would transport the vegetation from various parts of the store to the particular watering center to administer water and nutrients.  The vegetation was transported on metal carts to the watering center, watered at the center, and then returned to their respective display areas.  On the day of the incident, in close proximity to the watering station, but without any indication or warning of the hazard of debris (mud, dirt, leaves, and other vegetative matter) carelessly left in the aisle, as a result of the watering and transporting of said greenery, Plaintiff stepped on the debris, and fell violently to the ground forcefully striking her knee cap and body on the cement surface.  Plaintiff immediately experienced extreme pain and was rendered incapacitated.

8. Another customer was also in the same aisle and rushed to Plaintiff's aide.  The customer was unable to find an employee nearby or within sight and followed the Plaintiff's instructions to retrieve her cellular telephone from the car, so that she could call her brother for help. The customer returned with the phone and Plaintiff, who was in severe pain and distress called her brother (who was across the street at a local restaurant), who rushed to her aid at the Home Depot.

9. Before the customer returned to the Plaintiff with her phone, an employee/manager/agent of the Home Depot arrived to assist the Plaintiff. He was adamant about trying to lift the Plaintiff to her feet, but the Plaintiff was in such extreme pain, she was not able to put any weight on her knees and demanded that the employee/manager/agent call an ambulance. The employee/manager/agent refused and offered no first aid and interrogated the Plaintiff about the cause of the fall, whether or not her shoes were a factor, and whether or not the Plaintiff was wearing a brace that had caused the fall (Plaintiff was not wearing a brace).

10. Plaintiff again adamantly requested the employee/manager/agent to call an ambulance, but the employee/manager/agent refused and/or delayed her request, and left in search of a wheelchair, leaving the Plaintiff writhing in pain in the center of an aisle in the garden center of the Home Depot. The employee/manager/agent eventually returned with the wheelchair and attempted to coerce the Plaintiff into the wheelchair with the stated purpose of wheeling the Plaintiff to the parking lot to her vehicle. Again, the Plaintiff refused because of her inability to stand up and the severity of pain she was suffering. She again pleaded for an ambulance and by this time her brother arrived. The brother called or caused to be called an ambulance to the scene of the incident to finally provide Plaintiff with emergency medical care.

11. After the ambulance arrived, the Plaintiff was treated at the scene and then transported to Val Verde Regional Medical Center.

12. At Val Verde Regional Medical Center, the Plaintiff was diagnosed with a displaced transverse fracture of the right patella (a shattered kneecap). The Plaintiff was admitted to the hospital and was operated on by an orthopedic surgeon who performed an arthrotomy

and debridement of the right knee, and ORIF of the right patella (in lay terms, her right kneecap was wired back together).  Subsequent to the surgery, the Plaintiff endured extensive physical therapy and now requires an additional surgical procedure to remove the "hardware" placed inside her knee.  Subsequent to this surgery, she will need additional rounds of intensive physical therapy and rehabilitation treatment.

13. Immediately preceding her injury, the Plaintiff was vibrant, healthy, active and fully employed with no physical limitations. Due to the injuries suffered, the required medical treatment, surgeries, hospitalization, procedures, tests, rehabilitation, and therapy, Plaintiff was unable to maintain her employment or return to work for approximately one year from the date of her incident.  Plaintiff continues to live with chronic pain and substantial physical limitations and is unable to enjoy the daily activities which previously comprised her life.

E.
Causes of Action

Count 1 – Premise Liability

14. Defendant was the owner and/or in possession of the premises located at 2454 Veterans Boulevard in Del Rio, Val Verde County, Texas.  Plaintiff entered the Defendant's premises with the Defendant's knowledge and for their mutual benefit.  Plaintiff was shopping at the Defendant's retail outlet at the time of the fall.  It was the common practice of the Defendant to use an area of the store (a frequently traversed aisle) to maintain the Defendant's greenery, coupled with the Defendant transporting greenery and the resulting debris in, out and over the scene of the incident, and the numerous piles of dirt, mud, leaves

and debris accumulating in the aisle due to this activity which created an unreasonable risk of harm. Defendant knew or reasonably knew or should have known of the unreasonably dangerous condition of the premises because the Defendant and/or its employees/agents caused the debris to accumulate on the floor, and the debris was on the floor for a significant period of time before Plaintiff's incident. In fact, it is readily apparent from the debris and permanent markings on the aisle that it was the Defendant's common practice to water the plants at that "watering center," and transport the plants to and from the "watering center." Defendant had a duty to use ordinary care to ensure that the premises did not present a condition that created an unreasonable risk of harm and/or danger to the Plaintiff. This duty includes the duty to inspect and the duty to warn or to make the area safe for customers including Plaintiff. Defendant breached this duty by failing to inspect, warn, and/or make the area safe, and by using this area to water its greenery. Defendant's breach of its duty proximately caused the Plaintiff's injuries.

Count 2 - Negligence

15. Defendant is the owner and operator of the Home Depot in Del Rio, Val Verde County, Texas. As the owner and operator of the Home Depot, the Defendant owes the Plaintiff a duty not to engage in activities which create an unreasonable dangerous condition to the Plaintiff or the public at large. Defendant negligently implemented a policy and common practice to place its watering center adjacent to the aisle in question, and transport and water its greenery over and adjacent to the aisle which is open to the public. Defendant further negligently trained their employees/agents in this common practice and failed to

supervise and properly train their employees/agents to prevent this dangerous activity from occurring. Defendant had a duty to exercise ordinary care in where it located its watering center, the implementation of policies on maintaining the greenery, training its employees and/or supervising its employees in and during this activity and/or common practice. Defendant breached its duty by where it located its watering center, failing to adequately implement a policy or procedure which would in turn not create an unreasonable risk of harm to the Plaintiff and public at large, not adequately training its employees on mitigating the hazards created in maintaining and watering its greenery, and failing to adequately supervise its employees/agents. Defendants breach of its duty directly and proximately caused the Plaintiff suffer serious and disabling injuries.

Damages

16. As a direct and proximate cause of the unreasonably dangerous condition of the Defendant's premises and the Defendant's negligence, Plaintiff has suffered the following damages:

   a. Physical pain and mental anguish in the past and future;

   b. Lost earnings;

   c. Loss of earning capacity;

   d. Disfigurement in the past and future;

   e. Physical impairment in the past and future;

   f. Medical expenses in the past and future;

   g. Loss of household services in the past and future; and

   h. Property damage.

F.
JURY DEMAND

1.Plaintiff asserts her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rules of Civil Procedure 38, a trial by Jury on all issues.

WHEREFORE PRESMISES CONSIDERED, PLAINTIFF DALIA BARRERA prays that DEFENDANT HOME DEPOT USA, INC. D/B/A HOME DEPOT be cited to appear and answer, and on final trial or disposition of this suit, that PLAINTIFF have judgment against the DEFENDANT in excess of $1,000,000.00 for her:

    a.    Actual Damages;

    b.    Consequential Damages;

    c.    Prejudgment and post-judgment interest as allowed by law;

    d.    Costs of suit; and

    e.    All other relief, at law and in equity, to which PLAINTIFF may be entitled.

Respectfully submitted,

LAW OFFICES OF THOMAS D. JONES, P.C.
3510 N. St. Mary's Street, Suite103
San Antonio, Texas 78212
Tele:   210-736-9600
Fax:    210-735-0200
Em:    lotjlaw@tdjones.com


By:__/s/ Thomas D. Jones_____
       THOMAS D. JONES
       State Bar No. 10959300

LEAD ATTORNEY FOR PLAINTIFF


AND

        A. FEDERICO LONGORIA, III
        LAW OFFICES OF
        FEDERICO LONGORIA, III, P.C., OF COUNSEL
        FARRIMOND BRESNAHAN & CASTILLO, P.C.
        130 E. Travis St. Suite 350
        San Antonio, Texas  78205
        (210) 231-0919 – Telephone
        (210) 231-0004 – Facsimile
        State Bar No. 24002492
        aflthird@hotmail.com

        CO-COUNSEL FOR THE PLAINTIFF

C:\My Files\Tom\Barrera, Dalia\Original Complaint aflv1 FINAL VERSION.wpd